UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

JOSE R. PORTALES SANCHEZ, and
similarly situated individuals,

    Plaintiffs,

vs.

PUBLIC HEALTH TRUST OF MIAMI
DADE COUNTY,
d/b/a JACKSON MEMORIAL HOSPITAL
a Florida Public Health Trust,

    Defendant.
_____/

## COMPLAINT

Plaintiff, JOSE R. PORTALES SANCHEZ, (hereinafter "PORTALES" or "Plaintiff"), and similarly situated individuals, sue Defendant, PUBLIC HEALTH TRUST OF MIAMI DADE COUNTY d/b/a JACKSON MEMORIAL HOSPITAL (hereinafter "JACKSON MEMORIAL" or "Defendant") and states:

1. PORTALES and similarly situated individuals bring this action under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., (hereinafter "the Act") to recover unpaid back wages, and an additional equal amount as liquidated damages, reasonable attorneys' fees and costs.

2. Jurisdiction of this action is conferred upon the court by section 16 (b) of the Act, 29 U.S.C. § 216 (b).

3. All acts or omissions giving rise to this dispute took place in the Southern District of Florida.

## PARTIES

4. PORTALES, is an individual, a resident of Miami-Dade County, Florida, and was an employee of JACKSON MEMORIAL from in or about 2016 through May 14, 2018.

5. At all times material to this Complaint, PORTALES was an employee of JACKSON MEMORIAL who was non-exempt from the overtime provisions of the Act.

6. JACKSON MEMORIAL is a Florida public health trust created pursuant to Florida Statutes §154.07, which does business in Miami-Dade County, Florida.

7. PORTALES was engaged in commerce or the production of goods for commerce within the meaning of Section 3(b) and (j), respectively, of the Act, 29 U.S.C. § 203(b) and (j), while working for JACKSON MEMORIAL at all times material to this Complaint.

8. Upon information and belief, JACKSON MEMORIAL's gross revenues for 2016 exceeded $500,000 for that year.

9. Upon information and belief, JACKSON MEMORIAL's gross revenues for 2017 exceeded $500,000 for that year.

10. Upon information and belief, JACKSON MEMORIAL's regularly orders goods and materials that come from outside the State of Florida.

11. By reason of the foregoing, JACKSON MEMORIAL was during all times hereinafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in Section 3(r) of the Act, 29 U.S.C. § 203(r) and 203(s).

12. PORTALES consents to be a party-plaintiff in this lawsuit.

## FACTUAL ALLEGATIONS

13. PORTALES worked as a registered nurse for Defendant.

14. PORTALES began working for JACKSON MEMORIAL on or about 2016.

15. PORTALES and similarly situated individuals were paid on an hourly basis.

16. Defendant deducted at least 4 hours per week from his hourly pay for lunch breaks. However, PORTALES was rarely able to take lunch breaks because of requirements of his job. PORTALES was assigned to the emergency room and either worked through his break or could not leave the floor and had to be instantaneously available as the need arose.

17. PORTALES complained about not being paid for these breaks and was fired as a result.

18. PORTALES and similarly situated individuals often worked more than forty (40) hours per week but were not paid time and half for those hours worked over forty (40) hours per week.

19. PORTALES complained about JACKSON MEMORIAL failure to pay overtime and he was fired as a result of his complaints.

### COUNT I -- VIOLATION OF FAIR LABOR STANDARDS ACT
(FAILURE TO PAY OVERTIME WAGES)

20. Federal law, 29 U.S.C. §207(a)(1), states that "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at a rate of at least one and a half times the employee's regular rate."

21. At all times since the three years preceding the filing of this Complaint, JACKSON MEMORIAL willfully employed PORTALES and/or similarly situated individuals in the aforesaid enterprise, in commerce or in the production of goods for commerce, or employees

handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce as described above, for many workweeks longer than 40 hours, and failed and refused to compensate PORTALES for all such work in excess of 40 hours at rates not less than one and one-half times the regular rate at which he was employed, contrary to the provisions of Section 7(a) of the Act, 29 USC § 207(a).

22. Defendant is an employer under the Act.

23. Defendant willfully and intentionally failed to pay PORTALES and similarly situated individuals the statutory overtime rate as required by the laws of the United States as set forth above and remains owing his back wages.

24. As a result of the under payments of wages alleged above, JACKSON MEMORIAL is indebted to PORTALES and similarly situated individuals in the amount of the unpaid overtime compensation. PORTALES propose to obtain the necessary records and information to determine the amount of the underpayment to PORTALES by appropriate discovery proceedings to be promptly taken in this cause.

WHEREFORE, PORTALES and similarly situated individuals demand judgment awarding them and similarly situated individuals all such legal and/or equitable relief that will effectuate the purpose of the Act including, but not limited, to back pay and prejudgment interest, liquidated damages, reasonable attorney fees, pursuant to the Act, 29 U.S.C. § 216 (b), along with court costs, witness fees and other miscellaneous costs of the litigation, and any other relief that this court finds will reasonable under the circumstances. PORTALES also request retrospective and prospective injunctive relief pursuant to 29 U.S.C § 217 requiring Defendant to pay overtime owed to its employees and an Order prohibiting Defendant from violating the FLSA in the future.

## COUNT II –
## FLSA RETALIATION

25. JACKSON MEMORIAL is motivated in its unequal treatment of PORTALES because of his complaint(s) regarding his wages.

26. JACKSON MEMORIAL through the actions of their agents, have violated the FLSA, 29 U.S.C. § 215 (a)(3).

27. JACKSON MEMORIAL actions were intentional or were taken with reckless disregard of PORTALES' rights under the FLSA.

WHEREFORE, PORTALES asks this Court to grant the following relief:

a. Issue a declaratory judgment finding that JACKSON MEMORIAL conduct toward PORTALES violated the FLSA;

b. Enjoin and restrain JACKSON MEMORIAL and all other persons acting on behalf of, or in concert with them, from engaging in such unlawful practices;

c. Enter judgment in favor of PORTALES and against JACKSON MEMORIAL for back pay in the amount of wages and fringe benefits it is determined that PORTALES has lost as a result of JACKSON MEMORIAL unlawful conduct, together with prejudgment interest from the date of the violations;

d. Enter judgment in favor of PORTALES and against JACKSON MEMORIAL for compensatory damages (pecuniary and non-pecuniary damages, pain and suffering, etc.), and liquidated damages together with pre-judgment interest;

e. Award PORTALES a reasonable attorney's fee, pursuant to 29 U.S.C. § 216 together with costs of this action; and

f. Award such other and further legal and equitable relief as may be appropriate to redress fully the deprivation of PORTALES' rights, to prevent reoccurrence of similar acts in the future and to protect JACKSON MEMORIAL other employees from such unlawful behavior.

## JURY DEMAND

PORTALES demands trial by jury on all issues so triable.

Respectfully submitted,

GARY A. COSTALES, P.A.
1200 Brickell Avenue, Suite 1440
Miami, Florida 33131
(305) 375-9510 Ext. 314
(305) 375-9511 (facsimile)

/s Gary A. Costales
Gary A. Costales, Esq.
Florida Bar No. 0948829